Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2553 | **DATE** | 9/8/2000 |
| **CASE TITLE** | JOHN DOES 1-8 vs. MARSEILLES ELEMENTARY SCHOOL DISTRICT #150 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for leave to file first amended complaint [16-1] is granted. Defendants shall answer or otherwise plead by September 25, 2000. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | SEP 12 2000 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | ED-7 | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 11 PM 3:27 | 9/8/2000 | |
| SB | courtroom deputy's initials | | date mailed notice | |
| | | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Danny Bell, Jacob Caputo, Michael Dorton, Aaron Wise, Jordan Daniels, and Joshua Daniels (collectively "plaintiffs"), by their fathers, request leave to file a first amended complaint against Marseilles Elementary School District #150 ("Marseilles Elementary"), Superintendent James C. Bagley ("Bagley"), City of Marseilles, Officer Dale Long ("Long"), Christopher D. Mehochko ("Mehochko"), and Bradley Guilinger ("Guilinger") (collectively "defendants"). In Counts I-II, plaintiffs sue for an unreasonable search in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments pursuant to 42 U.S.C. 1983. In Count III, plaintiffs sue Marseilles Elementary for violation of the Illinois School Code. In Counts IV-V, plaintiffs sue Bagley, Mehochko, Guilinger, and Long for false imprisonment. In Counts VI-VIII, plaintiffs sue Long for invasion of privacy, assault, and battery. On July 24, 2000, this court dismissed plaintiffs' original complaint *without prejudice* for failing to reveal their identities and not obtaining court authorization to file an anonymous complaint.

Defendants argue that plaintiffs are time-barred from bringing their state law tort claims because the applicable one-year statute of limitations period under the Illinois Governmental Tort Immunity Act accrued on April 27, 1999.

The one-year statute of limitations period under the Illinois tort act does not apply in this case because plaintiffs are minors. Under Illinois law, if a person is younger than 18 years of age when a cause of action arises, he or she may bring the action within two years after reaching the age of 18. 735 ILCS 5/13-211 (2000). See also Pope v. City of Chicago, 1996 WL 392162, *4 (N.D. Ill. 1996) (noting the exception for minors to a statute of limitations time bar); Jimenez v. Herrera, 1996 WL 99715, *5 (N.D. Ill. 1996) (stating that the Illinois Tort Immunity Act has a one-year statute of limitations period that does not apply to minors) (citations omitted). Plaintiffs were in eighth grade at the time their cause of action arose, and all plaintiffs are still under the age of eighteen. Their claims, therefore, are not time-barred.

Due to the fact that the statute of limitations period has not expired for any of plaintiffs' claims as of this date, it is unnecessary to address the merits of defendants' claim of insufficient notice for relation back of the amendments to the time of the original timely filed complaint. It should be noted, however, that this is not a case of naming new defendants in an amended complaint. The same defendants are named in the proposed first amended complaint as appear in the original complaint. Defendants have been on notice of the nature of plaintiffs' claims and the events giving rise to these claims since April 27, 2000, when the original complaint was filed.

Accordingly, plaintiffs' motion for leave to file their first amended complaint must be granted.

*[signature]*